IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY TYLER, | § | |
| and | § | |
| JOSEPH RAMEY | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 4:15-cv-03668 |
| v. | § | |
| | § | |
| NETWORK CONNECTIONS, INC., | § | |
| ET AL | § | |
| Defendants. | § | |

**JOINT MOTION AND STIPULATION FOR APPROVAL OF SETTLEMENT AND PARTIAL DISMISSAL WITH PREJUDICE**

COME NOW, Plaintiff, Joseph Ramey, and Defendants, Network Connections, Inc. and Brian S. Watterson, who jointly move this Court to approve the settlement of the above-captioned matter to which the names parties have agreed and enter an order pursuant to Rule 41(a)1(ii) of the Federal Rules of Civil Procedure partially dismissing this litigation with prejudice, each party to bear his/its own costs and attorney's fees. In support of this motion, the named parties show the following and submit a copy of the Settlement Agreement and Release (filed simultaneously under seal), which has been approved by the parties and executed by Joseph Ramey.

**INTRODUCTION**

Plaintiffs, Joseph Ramey and Timothy Tyler brought suit against Defendants, Network Connections, Inc. and Brian S. Watterson on December 18, 2015 alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, in connection with their former employment with Defendants. Specifically, Plaintiffs claim they were improperly classified as

independent contractors and as a result of this improper classification, were denied overtime pay in accordance with the FLSA. Defendants have filed their answer denying any liability and asserting various affirmative defenses.

Ramey and Defendants have discussed a potential settlement of his claims against Defendants. The negotiated Settlement Agreement and Release (the "Agreement"), which has been approved by the parties and has been executed by Ramey, covers only Ramey's FLSA claims against Defendants. Ramey and Defendants have come to an agreement with respect to Ramey's claims only. Ramey and Defendants contend the settlement is fair and reasonable. However, according to its terms and applicable law, the Settlement Agreement will not become effective unless and until it is approved by this Court.

## ARGUMENT

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, there are two ways employees may settle and waive a claim against their employer for unpaid overtime wages under the FLSA: (1) if the payment of unpaid wages is supervised by the Secretary of Labor; or (2) in the context of a private lawsuit brought by an employee against his employer, if the parties present the district court with a proposed settlement and the Court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *Jarrard v. Southeastern Shipbuilding Corp*, 163 F.2d 960 (5th Cir. 1947); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

In *Thomas v. State of Louisiana*, 534 F.2d 613 (5th Cir. 1976), the Fifth Circuit reinstated a settlement agreement that had been set aside by the district court. The court explained that although no court had approved the settlement agreement, the same reason for enforcing a court-approved agreement applied, i.e., little danger of employees being disadvantaged by unequal bargaining power. The Court held that, "[s]ettlement agreements have always been a favored means of resolving disputes. When fairly arrived at and properly entered into, they are generally viewed as binding, final, and as conclusive of rights as a judgment. We see no reason here to depart the general rule." *Thomas*, 534 F.2d at 614-15.

Thus, it is well-settled that employees may waive FLSA claims for unpaid wages pursuant to a judicially-supervised stipulated settlement.

## ANALYSIS

This case clearly involves a situation in which the Court may allow Ramey to settle and release his FLSA claim for unpaid wages against Defendants. First, the proposed settlement arises in an adversarial context, with pending litigation. Second, Plaintiff's FLSA claim against Defendant involves a dispute about FLSA coverage and computation, and consequently, the proposed settlement represents a reasonable compromise of disputed issues. Finally, the parties agree that the amount of the settlement and the various covenants contained in the Agreement, are fair in light of

the parties' contentions. Additionally, the parties voluntarily agreed to the Agreement's terms after exhaustive negotiations and receiving advice from their counsel. Therefore, the named parties urge the Court to approve the Agreement as a fair settlement of the disputed issues arising from Ramey's FLSA claims against Defendants.

## CONCLUSION

For the foregoing reasons, the parties request that the Court approve the proposed settlement and enter an order partially dismissing this litigation with prejudice. The settlement represents a fair and reasonable compromise of disputed issues. The settlement fairly compensates Ramey for his FLSA claims. Accordingly, the parties respectfully request that this Court enter the proposed order submitted by the parties approving the parties' proposed settlement and partially dismissing this litigation with prejudice.

Respectfully Submitted,

| | |
|---|---|
| LAW OFFICE OF JO MILLER, PLLC | BEIRNE, MAYNARD AND PARSONS, LLP |
| 505 North Main Street | 1300 Post Oak Blvd, Suite 2500 |
| The Parsonage | Houston, Texas 77056 |
| Conroe, Texas 77301 | Tel: (713) 623-0887 |
| Tel: (936) 539-4400 | Fax: (713) 960-1527 |
| Fax: (936) 539-4409 | bescobar@bmpllp.com |
| jmiller@jomillerlaw.com | |
| | |
| By: */s/ Jo Miller* | By: */s/ Benjamin A. Escobar* |
|    Jo Miller |    Benjamin A. Escobar |
|    Texas Bar No. 00791268 |    Texas Bar No. 00787440 |
|    Federal ID No. 20385 |    Federal ID No. |
|    Attorney-in-Charge for Plaintiffs, |    Attorney-in-Charge for Defendants, |
|    Timothy Tyler and Joseph Ramey |    Network Connections, Inc. and |
| |    Brian S. Watterson |

## NOTICE OF ELECTRONIC FILING

    I, Jo Miller, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing document in accordance with the Electronic Case Files System of the Southern District of Texas, on this the 20th day of July, 2016.

                                          */s/   Jo Miller*  
                                          JO MILLER